In re Anonymous No. 123 D.B. 91

Disciplinary Board Docket no. 123 D.B. 91.

*Hearing Committee,* October 28, 1992—The above-referenced matter came on for hearing before Hearing Committee [    ] on January 17, 1992. At the conclusion of the testimony, the committee determined that the petitioner had met its burden of proof that respondent had violated R.P.C. 3.3(a)(4) and recommended a private reprimand without probation under the abbreviated procedure. Petitioner and respondent accepted this disposition, and on January 30, 1992 a summary report of this disposition was filed with the board.

By order dated March 5, 1992, the Disciplinary Board of the Supreme Court of Pennsylvania directed that the transcript of the proceeding be prepared, and that the Hearing Committee thereafter submit formal findings and recommendations. On March 31, 1992, [A], Chairperson of Hearing Committee [    ], directed that the official reporter prepare the transcript of the proceeding and that within 20 days of receipt thereof petitioner prepare and submit its brief, with response brief due within 20 days thereafter.

On or about April 9, 1992, the transcript of the proceeding was filed, and in accordance with the order of March 31, 1992, 20 days thereafter petitioner submitted its brief. Respondent has not submitted a brief,

and a courtesy phone call by the chairman of Hearing Committee [      ] on Tuesday, October 20, 1992 revealed that respondent did not intend to submit a brief setting forth his position. After a review of the transcript and the brief of petitioner, this board makes the following findings of fact, conclusions of law and recommendation.

## FINDINGS OF FACT

(1) Respondent, [      ], was employed to represent [B] in a domestic proceeding.

(2) During the course of this representation, [B] was charged by her husband with certain violations of the Pennsylvania Crimes Code relating to an alleged appropriation of funds belonging to [C].

(3) While awaiting the preliminary hearing on the aforesaid criminal charges, respondent appeared before Judge [D], Judge of the Family Division of [      ] County, and presented a motion and order in connection with the pending divorce action.

(4) The order submitted by respondent related to certain support arrearages owed by respondent's client's husband, and as originally presented to the court contained the provision that "the private criminal complaint filed by [C] against petitioner, [B], averring theft of property, theft by unlawful taking and forgery scheduled before District Justice [E] for August 9, 1990, shall be dismissed since respondent has taken the position that said monies should be credited towards any delinquency or arrearages."

(5) At the time the order was presented to the court, Judge [D] struck from the above quoted language "be dismissed since respondent has taken the position that said monies should be credited towards any delinquency

or arrearages," and inserted in his own handwriting the language "not be prejudiced by this action." On August 9, 1990, respondent appeared before District Justice [E] and immediately entered his office and presented a copy of the order signed by Judge [D] on August 3, 1990, which contained the first page of the order as originally presented to Judge [D], without any changes having been made, and a second page bearing Judge [D's] signature which simply had the language "monies should be credited towards any delinquency or arrearages" excised.

(6) District Justice [E] initially indicated to respondent that he was going to proceed to hold a preliminary hearing, and thereafter came on the bench and advised that in light of the order that had been presented, the action would be dismissed.

(7) The form of the order as entered was subsequently made known to District Justice [E] by [C], a preliminary hearing was rescheduled, and on October 11, 1990 District Justice [E] sustained a demur to the evidence.

(8) Respondent, [      ], was present on August 9, 1990 when the charges against [B] were dismissed, and knew the District Justice relied on the court order presented to him by respondent in dismissing the charges.

(9) Respondent presented the order to the district justice knowing that it had been modified by Judge [D], and without verifying the order submitted was a true and correct copy of the order actually entered by the court.

(10) Respondent made no effort to clarify the court order, and knew at the time that the district justice dismissed the charges on the basis of the entry of the order, that the order as entered by Judge [D] had indicated that said charges would not be prejudiced by the entry of the domestic relations order.

(11) Respondent submitted the order to District Justice [E] intending that the District Justice rely on the same in disposing of the pending criminal matter.

## CONCLUSIONS OF LAW

(1) Disciplinary counsel has met its burden approving a prima facie case that respondent violated Rule of Professional Conduct 3.3(a)(4).

(2) By presenting to District Justice [E] the unmodified order which respondent knew to be incorrect, he knowingly offered evidence that he knew to be false.

(3) When respondent knew that District Justice [E] was relying on the order presented in dismissing the charges against respondent's client, respondent was duty-bound to take reasonable remedial measures.

## RECOMMENDATION

In light of the above findings of fact and conclusions of law, the Hearing Committee is compelled to conclude that the Office of Disciplinary Counsel has met its burden, respondent has not sufficiently rebutted the evidence of the violation as presented by the Office of Disciplinary Counsel, and that the recommended discipline of a private reprimand without probation is appropriate.

## ORDER

And now, December 18, 1992, upon consideration of the supplemental report and recommendation of Hearing Committee [     ] filed October 28, 1992, it is hereby ordered that the said [respondent] of [     ] County be subjected to private reprimand by the Disciplinary Board of the Supreme Court of Pennsylvania as provided in Rule 204(a)(5) of the Pennsylvania Rules of Disciplinary Enforcement. Costs are to be paid by the respondent.